```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


UNITED STATES               )
                            )
     v.                     )      1:06cr531(JCC)
                            )
JOSEPH BENJAMIN NOEL        )
                            )
          Defendant.        )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's motion to compel production of videotaped statements of the complaining witness in this case. For the following reasons, Defendant's motion will be granted.

### I.  Background

On December 21, 2006, a federal grand jury indicted Defendant Joseph Bernley Noel ("Noel" or "Defendant") for one count of aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2441(c). The grand jury indictment alleged that on or about the evening of June 3, 2005 and the morning of June 4, 2005, Defendant intentionally touched, not through the clothing, the genitalia of a nine-year-old female. The incident occurred while the alleged victim and her mother were at the home of Defendant's sister, located on Marine Corps Base Quantico. While asleep on an air mattress, Defendant's sister was awakened in the middle of the night from noises in the room, and observed Defendant, shirtless, on a love seat with the victim.

Defendant's sister confronted him about touching the girl, and he left without denying the incident.  The girl was immediately interviewed by two male officers, and stated that the touching occurred over her clothing.  She was interviewed again in August of 2004, when a female special agent conducted a videotaped interview.  During the videotaped interview, the complaining witness provided more details, and stated that Defendant touched her in her private areas underneath her clothing.

Defendant was arraigned on January 11, 2006, and trial was scheduled for March 27, 2007.  Defense counsel has requested a copy of the videotaped statement pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and the Government has denied that request on the ground that the evidence sought is *Jencks* material.  The Government has allowed defense counsel to view the videotaped interview at the United States Attorney's Office and agreed to provide a copy of the videotape five days prior to trial and to the Defendant's expert.  *See* Def.'s Mot., Ex. 1.  In subsequent letters on February 8, and February 12, 2007, Defendant again requested production of the videotape, and offered to discuss a protective order to address any privacy concerns.  *See* Def.'s Mot., Ex. 2.  The Government again refused to produce the videotape outside of the *Jencks* Act requirements, and Defendant filed a motion to compel production.  This motion is currently before the Court.

## II.  Analysis

Defendant argues that the videotape is discoverable under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, which states that the Government must provide copies of documents and objects "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).  In response, the Government argues that the tape is not material evidence, but *Jencks* material as a taped witness statement, and Rule 16(a)(2) expressly excludes the discovery of statements made by Government witnesses except as provided in the *Jencks Act.*  18 U.S.C. § 3500; *see also Cole,* 857 F.2d at 975.  Defendant argues that the tape is not *Jencks* material, but is material evidence relevant to the questioning of the complaining witness.

The *Jencks Act* covers any statement, or "recording, or a transcript thereof, which is [a] substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement."  18 U.S.C. § 3500(e)(2).  Statements made by Government witnesses are typically *Jencks* material, even when such statements contain hearsay attributable to the Defendant*.  United States v. Cole,* 857 F.2d 971, 975-76, n.4 (4th Cir. 1988).  However, courts have typically held that Rule 16 does authorize pretrial discovery of witness statements if they constitute [exculpatory] *Brady*

material.  *See United States v. Safavian,* 233 F.R.D. 205, 206 (D.D.C. 2006). *See also United States v. Crouse,* 227 F.R.D. 36, 39-40 (N.D.N.Y. 2005).

Evidence showing the use of a suggestive interview technique can be material to the preparation of defense pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States,* 405 U.S. 150 (1972).  *See also Jean v. Rice,* 945 F.2d 82, 87 (4th Cir. 1991).  The Government's obligation under *Brady* extends not only to patently exculpatory material, but also to information that allows a defendant to impeach the evidence presented against him.  *United States v. Bros. Constr. Co.,* 219 F.3d 300, 316 (4th Cir. 2000).  The Fourth Circuit has recognized suggestive interview technique as material to the credibility of prosecution witnesses.  *See Love v. Freeman,* 188 F.3d 502, 1999 WL 671939 at *14 (4th Cir. 1999)(table opinion).  Accordingly, a videotaped interview of a complaining witness is material to credibility if it can be used to show that a suggestive interview technique was used.

In this case, the recorded statements at issue were clearly made by a Government witness and not the Defendant. Nonetheless, defense counsel has requested production of the videotaped evidence to determine if a suggestive interview technique was used during the videotaped interview of the complaining witness.  Considering that the complaining witness'

factual account of the incident changed materially from the time of the initial report to her videotaped interview, this evidence is highly relevant to her credibility.  Defense counsel has requested this evidence to determine if suggestive interview techniques led to such a change.  Accordingly, the evidence falls under the exculpatory evidence category detailed in *Love* and *Jean* and is discoverable under Rule 16.  It is notable that the Government has technically satisfied its *Brady* disclosure obligation and allowed defense counsel to examine the tape's contents.  However, as noted before, this evidence is material to the defense and discovery is permissible under Rule 16, due to its exculpatory nature under *Brady* and its progeny.  Furthermore, any potential prejudice to the complaining witness is alleviated by the protective order issued by this Court on March 9, 2007.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to compel production.  An appropriate Order will issue.

March 9, 2007                    _____/S/_____
Alexandria, Virginia                   James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE